IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TIMOTHY A. SLOAN                                                                                    PLAINTIFF

vs.                                            Civil No. 4:06-cv-04050

MICHAEL J. ASTRUE[1]                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Timothy A. Sloan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

On November 4, 2003, the Plaintiff protectively filed his applications for DIB and SSI. (Tr. 12, 50-53, 314-316). In these applications, the Plaintiff claimed he was disabled due to back pain,

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

mild degenerative disc disease, obesity, and hypertension. (Tr. 14). This application alleged an onset date of August 1, 2002. (Tr. 12). The application was initially denied on May 13, 2004 and again on reconsideration on July 19, 2004. (Tr. 12, 25-40, 317-325). The Plaintiff requested an administrative hearing which was held on June 21, 2005, in Fort Smith, Arkansas. (Tr. 12, 326-360). The Plaintiff was present and was represented by an attorney, Fred Caddell, at the hearing. (Tr. 326-360). The Plaintiff and Dale Thomas (a vocational expert) testified at this administrative hearing. (Tr. 326-360). At the time of the hearing, the Plaintiff was thirty-seven years old and had received a G.E.D. but not graduated from high school. (Tr. 92, 332).

On February 8, 2006, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits. (Tr. 9-21). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 14). The ALJ determined the Plaintiff had been treated for back pain, mild degenerative disk disease in his cervical spine, obesity, and hypertension. (Tr. 14). The ALJ concluded the Plaintiff's impairment was severe. (Tr. 14). However, the ALJ also concluded the Plaintiff's impairment or combination of impairments did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 16).

The ALJ evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 17). The Plaintiff claimed he was unable to work due to his constant back pain. (Tr. 17, 89-116). The ALJ analyzed the Plaintiff's subjective complaints of pain and concluded these subjective complaints of pain were not credible based upon the Plaintiff's medical records, daily activities, and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 16-19). Based upon this credibility

determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform light work. (Tr. 17). Specifically, the ALJ determined the Plaintiff had the RFC:

> To lift and/or carry 10 pounds, push and/or pull within that limitation, stand and/or walk three to four hours of an eight-hour workday and sit three to four hours of an eight-hour workday. In addition, the undersigned finds that the claimant is unable to climb ladders or scaffolds but can occasionally climb stairs, bend, squat, and kneel. (Tr. 17).

Based upon this RFC determination, the ALJ determined the Plaintiff could not perform his Past Relevant Work ("PRW"). (Tr. 19-20). Vocational Expert ("VE") Dale Thomas testified at the administrative hearing and addressed this issue. (Tr. 326). The VE testified the Plaintiff's PRW included work as a molding machine operator (unskilled, light) and as an other machine operator (unskilled, heavy). (Tr. 355, 352-359). The VE testified that a hypothetical person with the same age, educational background, and work experience as the Plaintiff and with the same work limitations as the Plaintiff could not perform the Plaintiff's PRW. (Tr. 353). The VE testified that the same hypothetical person could, however, perform, in addition to other jobs, work as a electronics assembler. (Tr. 354). The VE testified there are approximately 1,500 such jobs in Arkansas and 106,000 such jobs in the United States. (Tr. 354-355). Based upon this testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 21).

On May 25, 2006, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On June 26, 2006, the Plaintiff filed the present appeal. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. The Defendant has filed an appeal brief. (Doc. No. 10). The Plaintiff has elected to not file an appeal brief. This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. § 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. **Discussion:**

The Plaintiff brought the present appeal and has not filed an appeal brief or otherwise indicated to this Court how the ALJ erred in denying the Plaintiff's disability claim.  Thus, this Court, without the benefit of the Plaintiff's briefing, will review the entire transcript and the Defendant's brief in this case in order to determine whether there is substantial evidence in the record to support the ALJ's disability determination.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence in the record to support the ALJ's disability determination, then the decision of the ALJ must be affirmed.  *See id.*

I find the ALJ's decision in the present action is not supported by substantial evidence in the record.  Specifically, the ALJ's credibility determination is not supported by substantial evidence because the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints

pursuant to *Polaski v. Heckler,* 739 F.2d 1130 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *Id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the ALJ did not review or acknowledge any of the *Polaski* factors. (Tr. 17). The ALJ merely cited *Polaski* and stated that the Plaintiff's subjective complaints must be reviewed in light of *Polaski*. (Tr. 17). The ALJ did not, however, explicitly acknowledge any of the factors from *Polaski*. (Tr. 17). The ALJ is required to acknowledge and to consider all of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain. *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996). Because the ALJ did not acknowledge or examine any of the five *Polaski* factors, this case should be reversed and remanded for a full *Polaski* analysis. *Id.*

On remand, the ALJ is reminded of his duty to fully and fairly develop the record. *See Snead,* 360 F.3d at 838. The Plaintiff's attorney indicated at the administrative hearing that a number of medical records, including those from Sparks Regional Medical Center, Crawford Memorial Hospital, Complete Orthopedics, and Robert's Chiropractic, were not received or

considered by the ALJ in his decision. (Tr. 328-329). If the ALJ determines these records are necessary to make his decision, the ALJ should order these additional medical records. The ALJ should also determine whether the Plaintiff needs to be sent to a specialist for a further evaluation based upon his findings on remand.

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED this 11th day of May, 2007.**

      /s/   Barry A. Bryant
      Honorable Barry A. Bryant
      United States Magistrate Judge